UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Benjamin Spitzer,<br>individually and on behalf of all others similarly situated,<br>Plaintiff(s),<br><br>-v.-<br><br>Constar Financial Services, LLC,<br>Defendant(s). | Case No.: 7:22-cv-6844<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Benjamin Spitzer ("Plaintiff") brings this Class Action Complaint by and through his attorneys, against the Defendant Constar Financial Services, LLC ("Constar" or "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Constar is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and is registered to accept service of process through its registered agent, c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

9. Upon information and belief, Defendant Constar is a company that uses the mail, telephone and internet, and regularly engages in business the principal purpose of which is to collect debts, and regularly collects debts owed to others.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

   a. all individuals with addresses in the State of New York;

   b. to whom the Defendant Constar sent an initial letter;

   c. attempting to collect a consumer debt;

   d. in two subclasses where the letter:

      1. identifies the incorrect entity as the original creditor; and/or

      2. represents that the total due "may not reflect any outstanding unpaid charges that may become due such as taxes, fees, interest or fines" when no such charges were/are being assessed against the individuals; and

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

11. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

12. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

13. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

14. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests which might cause them not to vigorously pursue this action.

15. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues,

and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

16. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

18. Plaintiff repeats the above allegations as if set forth here.

19. Some time prior to February 15, 2022, Plaintiff allegedly incurred one or more obligations that are now owed to non-party Ford Motor Credit ("Ford").

20. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a car.

21. The alleged Ford obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

22. Ford is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

23. Upon information and belief, Ford contracted with the Defendant Constar to collect the alleged debt.

24. Defendant Constar collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – February 15, 2022 Collection Letter*

25. Defendant sent the Plaintiff an initial collection letter on or about February 15, 2022 ("Letter") regarding the alleged debt.  **See Letter attached as Exhibit A**.

26. The Letter states "Your original creditor was Schultz Ford Lincoln Inc."

27. However, upon information and belief, Ford Motor Credit has always been the creditor concerning the alleged debt.

28. Thus, the Letter misrepresents the identity of the original creditor.

29. It is deceptive to not clearly and accurately state who the original creditor is in an initial collection letter sent to a consumer.

30. This misleading and deceptive listing of the name of the original creditor prevents the Plaintiff from properly requesting verification of the debt, determining to whom payment might be made, and the possible benefits and/or detriments to the consumer of those relevant facts.

31. Furthermore, this uncertainty can ultimately result in multiple collections on the same debt by different collectors, and a double collection can occur.

32. Moreover, the Letter states that the "[t]otal amount of the debt now" is $293.48.

33. The Letter also lists the total interest and fees charged since February 21, 2020 as $0.00.

34. Notwithstanding the foregoing, the Letter also sets forth that the total due "may not reflect any outstanding unpaid charges that may become due such as taxes, fees, interest or fines."

35. However, upon information and belief, no such charges were/are being assessed concerning this alleged debt.

36. To state that the amount may change is false, deceptive, misleading, and/or unfair.

37. Defendant's misleading collection letter led the Plaintiff to believe that the Letter was fraudulent, or at least suspect, in whole or in part.

38. Plaintiff was uncertain as to whether the Letter was from a legitimate debt collector, a fraudulent wrongdoer hoping to induce erroneous payment, or for a debt that was already satisfied.

39. The unexplained contradictions caused the Plaintiff to fear that the Letter was a scam.

40. Because of the Defendant's improper collection, Plaintiff was unable to properly respond to the Letter.

41. Because of the lack of any information foreclosing this possibility, Plaintiff does not know if the amount of his obligation is static or dynamic.

42. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting bigger (dynamic) and one of which will never get bigger (static), Plaintiff would pay the dynamic debt first.

43. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the original creditor, and cannot properly evaluate the demand for payment or how to address it.

44. Plaintiff was therefore unable to make payment on the debt.

45. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

46. Because of the Defendant's improper collection, Plaintiff was prevented from taking certain actions he would have, or could have, otherwise taken had the Defendant's Letter not contained false, deceptive, misleading, and/or unfair content.

47. Moreover, because of this, Plaintiff expended time and money in determining the proper course of action.

48. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

49. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

50. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendant's furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

51. Thus, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff reputational harm.

52. Additionally, Defendant's improper acts, and the Plaintiff's reliance thereon, caused the Plaintiff financial harm.

53. Defendant's improper acts, and the Plaintiff's reliance thereon, also caused the Plaintiff emotional harm in the form of shock, anxiety and stress.

54. Plaintiff's reputational and emotional harm manifested itself physically in the form of increased heartrate.

55. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

56. As it relates to this case, Congress identified concrete and particularized harms with close common-law analogues to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

57. Plaintiff is entitled to receive proper notice of the character and amount of the debt, as required by the FDCPA.

58. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

59. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

60. Defendant's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

61. Defendant's actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendant's debt collection.

62. Plaintiff was misled to his detriment by the statements in the Letter, and relied on the content of the Letter to his detriment.

63. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

64. As a result of the Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

65. Plaintiff repeats the above allegations as if set forth here.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendant violated said section, as described above, by making false, deceptive, and misleading representations and falsely representing the character and amount of the alleged debt, and by noting the balance was changing when it was not, in violation of §§ 1692e, 1692e (2), and 1692e (10).

69. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

73. Defendant violated this section as described above by unfairly stating contradictory original creditor and balance/charges information concerning the debt.

74. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692f et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 U.S.C. § 1692g, an initial communication with a debtor regarding a debt must identify the amount of the debt and the name of the creditor to whom the debt is owed.

78. Defendant violated this section by failing to provide accurate creditor information.

79. Alternatively, Defendant violated this section by failing to clearly state the amount of the debt.

80. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Benjamin Spitzer, individually and on behalf of all others similarly situated, demands judgment from the Defendant Constar as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

b) Awarding the Plaintiff and the Class statutory damages;

c) Awarding the Plaintiff and the Class actual damages;

d) Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 11, 2022                                    Respectfully submitted,

**Stein Saks, PLLC**
/s/ Robert Yusko
By:  Robert Yusko, Esq.
One University Plaza, Ste. 620
Hackensack, New Jersey 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@SteinSaksLegal.com
*Attorneys for Plaintiff*